<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANTHONY MODICA, | |
| Plaintiff, | Civil Action No. 14-3049 (SRC) |
| v. | |
| | **OPINION & ORDER** |
| KENNEDY FUNDING and KEVIN WOLFER, | |
| Defendants. | |

**<u>CHESLER</u>, U.S.D.J.**

This matter comes before the Court on the motion to dismiss the Complaint for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), by Defendants Kennedy Funding and Kevin Wolfer (collectively, "Defendants"). For the reasons stated below, the motion to dismiss will be denied.

In short, Defendants move to dismiss on the ground that the Complaint fails to satisfy the amount in controversy requirement stated in 28 U.S.C. § 1332(a). That statute provides that a district court has subject matter jurisdiction over state law claims if each of the plaintiffs is a citizen from a state different from each defendant and the amount in controversy exceeds $75,000.

Defendants' argument is puzzling. The Complaint clearly states that Plaintiff seeks compensatory damages in the amount of $50,000 and punitive damages in the amount of $125,000. The Complaint seeks damages that satisfy the amount in controversy requirement stated in 28 U.S.C. § 1332(a).

The Third Circuit has stated:

In *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S. Ct. 586, 82 L. Ed. 845 (1938), the Supreme Court long ago established the standard for deciding whether the required amount in controversy has been adequately alleged.

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that . . . the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

Huber v. Taylor, 532 F.3d 237, 243 (3d Cir. 2008). Defendants here have not alleged bad faith on the part of Plaintiff. Rather, their argument appears to be that damages are contractually limited to $50,000, and cannot be more. This argument can only succeed if the Court presumes that this limitation provision is valid and enforceable. Defendants have not, however, persuaded this Court that it is legally certain that the limitation provision is valid and enforceable. If this provision is invalid or unenforceable, the Complaint also asserts a claim for fraud, which, if successful, could result in an award of punitive damages that would raise the total amount of damages above the $75,000 threshold. Defendants have failed to persuade the Court that it appears to a legal certainty that the Complaint states claims which cannot exceed the jurisdictional amount.

Defendants' motion to dismiss the Complaint will be denied.

For these reasons,

**IT IS** on this 24th day of September, 2014,

**ORDERED** that Defendants' motion to dismiss the Complaint (Docket Entry No. 10) is **DENIED**.

                                                      s/ Stanley R. Chesler
                                             Stanley R. Chesler, U.S.D.J.