UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY MODICA | : |
| Plaintiff | : Civil Action No. 14-3049 (SRC) |
| v. | : OPINION |
| KENNEDY FUNDING FINANCIAL, LLC AND KEVIN WOLFER | : |
| Defendants | : |
| v. | : |
| TRES AMICI, INC. | : |
| Third Party Defendants. | : |

**CHESLER,** District Judge

This matter comes before the Court on Defendant's unopposed motion for summary judgment (Docket No. 43). The Court has reviewed Defendant's filing, and will rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Defendant's motion for summary judgment is granted.

    **I.    Background**

In December 2013, Anthony Modica ("Plaintiff") and Tres Amici, Inc. ("Third Party Defendant") entered into a loan commitment agreement with a commercial lender, Kennedy Funding Financial, LLC and Kevin Wolfer (collectively, "Defendant"), for the purchase of commercial real estate located in Queens, New York. In exchange for Defendant's commitment to provide the commercial loan, Plaintiff and Third Party Defendant agreed to pay Defendant a "commitment fee" of $82,500. The agreement specified that $30,000 was to be paid upon

signing the loan commitment agreement and the $52,500 balance was to be "paid at the closing or upon Borrower electing not to proceed to Loan closing." Pursuant to the agreement, Plaintiff and Third Party Defendant paid the $30,000 upfront portion of the commitment fee, plus $10,000 to Defendant's attorney for "preliminary due diligence" and $10,000 to extend the closing date to February 10, 2014.

The loan commitment agreement required Plaintiff and Third Party Defendant to provide Defendant with the necessary loan closing documentation prior to the closing date. As of the closing date, Defendant had not received all such documentation. After the loan commitment period expired, attorney for Plaintiff and Third Party Defendant wrote to Defendant that Plaintiff "still intend[ed] to close the loan," but had been unable to provide the documentation because Plaintiff was not "able to get access for the appraiser, environmental and surveyor."

Plaintiff subsequently brought suit under various provisions related to the Truth in Lending Act to recover the $50,000 sum paid to Defendant prior to the closing date. In its unopposed motion for summary judgment, Defendant seeks to dismiss Plaintiff's claims as well as to recover $52,500 for its breach of contract counterclaim for the unpaid balance of the commitment fee. For the reasons that follow, the Court grants Defendant's motion for summary judgment to dismiss plaintiff's complaint, and the Court also grants Defendant's motion for summary judgment on its breach of contract counterclaim.

**II. Analysis**

    **a. Legal Standard for Summary Judgment**

The Court will grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgement as a matter of law." Fed.R.Civ.P. 56(c). As the moving party, Defendant bears the burden of showing that no genuine issue of material fact

exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). An issue is "genuine" if the evidence is such that a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Defendant may satisfy its burden by either 1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Celotex, 477 U.S. at 331.

Although Plaintiff and Third Party Defendant provided no opposition to the present motion for summary judgment, the Court may not grant summary judgment merely on the basis that the motion is unopposed. Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir.1991); Asquith v. Taylor, 2006 WL 932329 at *3 (D.N.J. 2006). Rather, the Court must still ascertain whether the Defendant has satisfied its burden of establishing the nonexistence of a "genuine issue." Celotex, 477 U.S. at 330.

**b. Summary Judgment is Warranted for Defendant to Dismiss Plaintiff's Claims**

In his complaint, Plaintiff asserts thirteen causes of action that fall under Title 15 United States Code Chapter 41, Subchapter I ("Consumer Credit Cost Disclosure") and Title 12 Code of Federal Regulations Part 226 ("Truth in Lending (Regulation Z)"), which together are commonly known as the Truth in Lending Act ("TILA"). The provisions cited in Plaintiff's causes of action refer to "consumer credit transactions" or "consumer credit." TILA, however, defines "consumer" as a natural person. *See* 15 U.S.C. §1602(i). Further, the relevant TILA provisions require that the subject of such "consumer" credit transactions be "primarily for personal, family, or household purposes." Id.; 12 C.F.R. §226.2(12).

Based on the pleadings, the discovery and other materials on file, there appears to be no genuine issue that Third Party Defendant is not a natural person. Nor does there appear to be any genuine issue that the commitment loan agreement, which concerned commercial real estate in

3

Queens, New York, was not for a primarily "personal, family, or household purpose[]." Defendant has accordingly met its burden under Celotex in negating essential elements of Plaintiff's claim under the various TILA provisions. As such, the Court grants Defendant's motion for summary judgment to dismiss Plaintiff's complaint.

    **c. Summary Judgment is Warranted for Defendant's Breach of Contract Counterclaim**

Defendant also seeks summary judgment on its breach of contract counterclaim, for the $52,500 outstanding balance of the commitment fee that Plaintiff and Third Party Defendant failed to pay Defendant at closing. Under New Jersey law, to prevail on its breach of contract counterclaim, Defendant must demonstrate that (1) a valid contract existed between Plaintiff and Defendant; (2) Plaintiff breached the contract; (3) Defendant performed its obligations under the contract; and (4) Defendant was damaged as a result of the breach. Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc., 275 F. Supp. 2d 543, 566 (D.N.J. 2003).

Plaintiff and Third Party Defendant have raised no genuine issue that the loan commitment agreement was a valid and enforceable contract. They likewise raise no genuine issue regarding the contract language, which provides that the Plaintiff pay Defendant $52,500 "at the closing or upon Borrower electing not to proceed to Loan closing," and that there "will be no refund if Borrower . . . has not complied with all the conditions of this Loan Commitment." One such condition is that Plaintiff provide Defendant with various loan documents "prior to the closing of the Loan." As such, Plaintiff and Third Party Defendant have raised no genuine dispute that they breached the contract by refusing to pay Defendant the non-refundable balance of $52,500. Similarly, they raise no dispute as to whether Defendant failed to comply with its obligations under the contract. Collectively, Plaintiff and Third Party Defendant have presented no genuine issues regarding any of the elements necessary for Defendant to prevail on its breach

of contract counterclaim. Accordingly, the Court grants Defendant's motion for summary judgment on its breach of contract claim for the unpaid $52,500 balance of the commitment fee.

/s Stanley R. Chesler, U.S.D.J.
**STANLEY R. CHESLER**
United States District Judge